**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| NANCY J. SCHUCKER <br> 66701 Anna Drive <br> St. Clairsville, Ohio 43950 | : <br> : <br> : <br> : | CASE NO: 2:10-CV-598 |
| Plaintiff, | : <br> : <br> : | JUDGE: |
| v. | : <br> : | |
| OHIO UNIVERSITY <br> c/o Office of Legal Affairs <br> Pilcher House 1881 <br> 10 E. Union Street <br> Athens, Ohio 45701-2979 | : <br> : <br> : <br> : <br> : <br> : | MAGISTRATE JUDGE: <br><br> **COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |
| and | : <br> : | |
| PAUL E. BIBBINS, JR. <br> c/o Office of Legal Affairs <br> Pilcher House 1881 <br> 10 E. Union Street <br> Athens, Ohio 45701-2979 | : <br> : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

## PARTIES

1. Plaintiff Nancy J. Schucker ("Plaintiff") is a resident of St. Clairsville in Belmont County, Ohio.

2. Ohio University ("University"), is a public entity established and organized under the laws of Ohio, with the authority to sue and be sued in its own name. Ohio University has a campus, among other places, in St. Clairsville in Belmont County Ohio (Ohio University – Eastern Campus).

3. Upon information and belief, Defendant Paul E. Bibbins, Jr. ("Bibbins") is a citizen of the United States and a resident of Ohio.

1

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendants because Defendants transact business in this District and Division.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Count I arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims in Count II, III, and IV pursuant to 28 U.S.C. § 1367 because these claims are so related to the federal claim that they form part of the same case or controversy.

7. This Complaint is being timely filed within 90 days of Plaintiff's receipts of a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission. (Notice of Right to Sue, attached hereto as Exhibit A).

8. Plaintiff is an employee as defined in Chapter 4112 of the Ohio Revised Code and under the ADEA.

9. Defendants are individuals, persons and/or an employer as defined in Chapter 4112 of the Ohio Revised Code and under the ADEA.

## FACTUAL ALLEGATIONS

10. Plaintiff was born on December 1, 1948. Plaintiff is over the age of 40 and was over the age of 40 at all relevant times.

11. Plaintiff was hired by Defendants in March 1989 as a Clerical Assistant.

12. Plaintiff was promoted several times during her employment with Defendants. First, Plaintiff was promoted from Clerical Assistant to the position of Clerical Coordinator. Second, Plaintiff was promoted from Clerical Coordinator to an Administrative Assistant in the Student Services office.

13. During her employment with Defendants, Plaintiff never received any significant discipline or counseling.

14. During her employment with Defendants, Plaintiff received excellent performance reviews.

15. At all times relevant herein, Plaintiff was qualified for her position.

16. Plaintiff was terminated by Defendants in June 2007. Defendants stated Plaintiff's position was being abolished.

17. In June 2007 Plaintiff requested her position be extended until she was eligible for retirement (approximately one year). This request was denied by Defendant Bibbins.

18. In June 2007 Pam Puskas, Plaintiff's co-worker, was notified that her position was being abolished. Ms. Puskas requested that her position be extended for one year. The request was granted by Bibbins. Thus, Defendants accommodated an identical request.

19. Plaintiff's job duties and responsibilities were transferred to someone substantially younger, Plaintiff's termination allowed for the retention of someone substantially younger, and/or Plaintiff was replaced by someone substantially younger.

20. At all times material herein, Defendants acted in conscious and/or reckless disregard for Plaintiff's rights, with great probability that its acts and omissions would cause substantial harm to Plaintiff.

## COUNT I

### (Age Discrimination – ADEA - Defendant Ohio University Only)

21. Plaintiff realleges each of the allegations contained in the preceding paragraphs of her Complaint as if fully restated herein.

22. Plaintiff was born on December 1, 1948 and at all times relevant hereto was over forty (40) years of age.

23. In June 2007, Defendant Ohio University was responsible for terminating Plaintiff's employment.

24. Plaintiff's job duties and responsibilities were transferred to Nicole Pryor and/or other substantially younger employees, Plaintiff's termination allowed for the retention of Nicole Pryor and/ or someone else substantially younger, and/or Plaintiff was replaced by Nicole Pryor and/or someone else substantially younger.

25. Defendant Ohio University discriminated against Plaintiff on the basis of age when it treated her less favorably in the terms and conditions of her employment, terminated her employment and failed to recall or rehire her in violation of the ADEA.

26. Defendant Ohio University's proffered reason for Plaintiff's termination – abolishment of her position – was untrue and/or not the real reason for her termination.  Thus, this reason was pretextual.

27. As a direct and proximate result of the conduct of Defendant Ohio University, Plaintiff has suffered, and will continue to suffer into the future, lost wages and fringe benefits.

28. The conduct of Defendant Ohio University was willful, wanton, reckless and/or malicious.

29. Plaintiff's claim in this Count I for discrimination pursuant to the ADEA is brought solely against Defendant Ohio University.

## **COUNT II**

### **(Age Discrimination – O.R.C. §4112.14 - All Defendants)**

30. Plaintiff realleges each of the allegations contained in the preceding paragraphs of her Complaint as if fully restated herein.

31. Plaintiff was born on December 1, 1948 and at all times relevant hereto was over forty (40) years of age.

32. In June 2007, Defendants terminated Plaintiff's employment.

33. At the time of her termination, Plaintiff was qualified for the position she held.

34. Plaintiff's job duties and responsibilities were transferred to Nicole Pryor and/or other substantially younger employees, Plaintiff's termination allowed for the retention of Nicole Pryor and/or someone else substantially younger, and/or Plaintiff was replaced by Nicole Pryor and/or someone else substantially younger.

35. All Defendants discriminated against Plaintiff on the basis of age when they treated her less favorably in the terms and conditions of her employment, terminated her employment and failed to recall or rehire her in violation of Section 4112.14 of the Ohio Revised Code.

36. Defendant Ohio University and Defendant Bibbins' reasons for Plaintiff's termination – abolishment of her position – was untrue and/or not the real reasons for her termination.  Thus, this reason was pretextual.

37. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

38. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for all relief available under this section.

39. Plaintiff brings this Count II against all Defendants.

## COUNT III

### (Age Discrimination – O.R.C. §4112.99 - All Defendants)

40. Plaintiff realleges each of the allegations contained in the preceding paragraphs of her Complaint as if fully restated herein.

41. Defendants discriminated against Plaintiff on the basis of age when they terminated her employment in violation of Section 4112.14 of the Ohio Revised Code.

42. Defendants' violation of Section 4112.14 of the Ohio Revised Code is a violation of Section 4112.99 of the Ohio Revised Code.

43. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages and all other relief available under this section.

44. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

45. Plaintiff brings this Count III against all Defendants.

## COUNT IV

### (Spoliation / Destruction of Evidence - All Defendants)

46. Plaintiff realleges each of the allegations contained in the preceding paragraphs of her Complaint as if fully restated herein.

47. After her termination, Plaintiff submitted a University grievance regarding the decision to abolish her position.

48. Plaintiff went through the entire grievance procedure, including a full investigation conducted by the Classified Senate Committee ("Committee").

49. The members of the Committee took notes and recorded the interviews during their investigation.

50. The Committee considered, among other things, discrimination against Plaintiff based on age.

51. All Defendants were aware of pending or probable litigation involving Plaintiff.

52. Plaintiff requested copies of the interview recordings, notes, and documents created and reviewed during the investigation.

53. Ms. Marlene Swartz, the Chair of the Classified Senate's Ad Hoc Committee, informed Plaintiff that the tape recordings had been erased and that all of the notes and documents had been destroyed at the direction of the Defendants.

54. Each Defendant willfully destroyed this evidence.

55. Without these recordings, notes and documents, Plaintiff's case has been disrupted.

56. As a direct and proximate result of Defendants' acts, Plaintiff has been injured.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

   a)   That Plaintiff be awarded all lost earnings and benefits;

   b)   That Plaintiff be awarded other compensatory damages;

   c)   That Plaintiff be awarded punitive damages;

   d)   That Plaintiff be awarded liquidated damages;

   e)   That Plaintiff be awarded front pay;

  f)  That Plaintiff be awarded pre-judgment interest;

  g)  That Plaintiff be awarded post-judgment interest;

  h)  That Plaintiff be awarded reasonable attorneys' fees and costs; and

  i)  That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

            Respectfully submitted,

            /s/ Gregory R. Mansell
            Robert J. Beggs (0002966)
            (*John.Beggs@BeggsCaudill.com*)
            Trial Counsel for Plaintiff
            Danny L. Caudill (0078859)
            (*Danny.Caudill@BeggsCaudill.com*)
            Co-Counsel for Plaintiff
            Gregory R. Mansell (0085197)
            (*Greg.Mansell@BeggsCaudill.com*)
            Co-Counsel for Plaintiff
            BEGGS CAUDILL, LLC
            1675 Old Henderson Road
            Columbus, Ohio 43220-3644
            Telephone:  (614) 360-2044
            Facsimile:  (614) 448-4544

## **JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

            /s/ Gregory R. Mansell
            Gregory R. Mansell (0085197)